# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDY MERRITT,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SCRANTON, et al,<br><br>Defendants. | CIVIL ACTION NO. 3:26-CV-0454<br><br>(SAPORITO, J.) |

## MEMORANDUM

This is a federal civil rights action. In his amended complaint, the plaintiff, Randy Merritt, alleges that officers from the Scranton Police Department violated his civil rights in connection with an allegedly unlawful seizure of his person and his subsequent arrest for resisting arrest, obstructing justice, and disorderly conduct. Doc. 3. The City of Scranton ("city") and officers James Petrucci, Jason Gula, and Kevin Sweeney ("officers") have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 10. The motion has been fully briefed and is ripe for review. Doc. 12; Doc. 13; Doc. 14.

## I. Background[1]

In his amended complaint, the plaintiff alleges that at 7:20 p.m. on February 22, 2024, around 8-12 Scranton Police officers arrested Merritt's minor son in connection with his alleged illegal discharge of a firearm. During the arrest, Merritt's son announced his need to talk to his dad. The officers subsequently allowed him to call his dad and inform him of his arrest and current location. At 7:27 p.m., Merritt arrived and parked about 200-300 feet from the scene which included about 4-5 police cars and 8-10 armed police officers. The officers then ordered Merritt out of his vehicle to which he complied and exited his truck with his arms raised.

Upon exiting the vehicle, the plaintiff alleges that the officers immediately grabbed him and attempted to arrest him for no stated reason. The officers then knelt on Merritt's back while his hands were cuffed and screamed at him stop resisting. When Merritt responded saying he is not resisting and that his arm is tangled, one of the officers responded "[y]eah good, I'm gonna fucking twist your whole body." From this encounter, Merritt ended up with many injuries including bruises,

[1] All facts are taken from the plaintiff's amended complaint. Doc. 3.

cuts, and a torn rotator cuff. Merritt was subsequently arrested and charged with: (1) resisting arrest, (2) obstruction of justice, and (3) disorderly conduct. Merritt alleges that these charges had no merit and that the police affidavits were inconsistent with what happened and the body cam video footage. He also alleges that the officers' actions were not unique and a result of the City of Scranton's normal customs and practices regarding police conduct. In the Lackawanna County Court of Common Pleas, Merritt pleaded guilty to disorderly conduct while the resisting arrest and obstruction of justice charges were withdrawn.[2]

The plaintiff alleges that he experienced and continues to experience serious physical, emotional, mental, and other losses as a result of the defendants' unlawful actions. The plaintiff has thus sued the defendants on three counts under 42 U.S.C. § 1983 in this action: (1) excessive force; (2) malicious prosecution; and (3) false arrest.[3] The

---

[2] In his amended complaint, Merritt refers to his guilty plea as "entering an area where there was police presence, a traffic stop, causing annoyance." We will take judicial notice and refer to it as disorderly conduct pursuant to publicly available state court records. Doc. 10-3; *see* Fed. R. Evid. 201; *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007); *Ernst v. Child & Youth Servs. of Chester Cnty.*, 108 F.3d 486, 489—99 (3d Cir. 1997); *Pennsylvania v. Brown,* 373 F.2d 771, 778 (3d Cir. 1967).

[3] We note that in the amended complaint the plaintiff listed the

*(continued on next page)*

plaintiff has also sued the City of Scranton for municipal liability under 42 U.S.C. § 1983. The officers and the city subsequently filed a partial motion to dismiss for failure to state a claim upon which relief can be granted seeking to dismiss the following claims: (1) malicious prosecution; (2) false arrest; and (3) any request for punitive damages against the city and officers in their official capacities. Doc. 10.

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56

---

false arrest and malicious prosecution claims in the same count. Although they should be pleaded in separate counts, the parties addressed them as distinct claims, so in this instance we will also analyze them as distinct. Doc. 3; Doc. 12; Doc. 13; Doc. 14.

(2007)). In deciding the motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public records of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588–89 (W.D. Pa. 2008).

## III. DISCUSSION

At issue in this motion, the plaintiff has asserted two different claims under 42 U.S.C. § 1983: (1) malicious prosecution; and (2) false

arrest.[4] Additionally, the plaintiff has asked for punitive damages against the defendants in their official capacities. Section 1983 provides in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983. Section 1983 does not create substantive rights, but instead provides remedies for rights established elsewhere. *City of Oklahoma v. Tuttle*, 471 U.S. 808, 816 (1985). To establish a § 1983 claim, the plaintiff must establish that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the United States Constitution. *Mark v. Borough of Hatboro,* 51 F.3d 1137, 1141 (3d Cir. 1995). To avoid dismissal for failure to state a claim, a civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher,* 423 F.3d 347, 353

---

[4] The claims of excessive force and municipal liability are not being challenged in this current motion. *See* Doc. 10.

(3d Cir. 2005).

### A. Malicious Prosecution

The plaintiff alleges a malicious prosecution claim under § 1983 in violation of his Fourth Amendment rights. To prove malicious prosecution under § 1983 for a Fourth Amendment violation, a party must show that:

> (1) The defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

*Est. of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003). *See also DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005). The defendants argue that the Court should dismiss the plaintiff's claim for failure to allege that the criminal proceeding ended in the plaintiff's favor and failure to show that the proceeding was initiated without probable cause. Doc. 12, at 6; Doc. 14, at 6—7.

The plaintiff contends that although he pleaded guilty to disorderly conduct, he has still asserted a prima facie case of malicious prosecution for the charges of resisting arrest and obstructing justice that were

dismissed. Doc. 13, at 11. For the reasons discussed below, we find that the plaintiff failed to plausibly state a claim for malicious prosecution.

*i. Favorable termination analysis*

We will first address whether the criminal proceeding ended in the plaintiff's favor. In malicious prosecution actions based on the Fourth Amendment, courts have generally held that damages are not recoverable unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486—87 (1994). Although a final conviction of disorderly conduct appears to be in the purview of the *Heck* bar, courts have held that when a prosecution ended with a conviction of only one of several charges, the criminal proceeding still may be considered to have ended in the plaintiff's favor. *See Jones v. Grill,* No. 21-2091, 2024 WL 3423707, at *2 (3d. Cir. July 16, 2024) (holding that the district court erred in its reasoning that the favorable termination requirement was not met for an acquitted charge since the party was found guilty on another related charge); *see generally Spone v. Reiss,* No.

24-1684, 2025 WL 670968, at *4 (3d Cir. Mar. 3, 2025) (holding for a § 1983 fabricated evidence claim, even though the plaintiff was found guilty of harassment, the *Heck* bar did not prevent her from bringing a claim based on her dropped cyber harassment charge which stemmed from the same proceeding); *see Carruthers v. Colton*, 153 F.4th 169, 182—185 (2d Cir. 2025) (asserting that favorable termination should be assessed charge by charge when a plaintiff was not convicted on all charges, and that a plaintiff can state a Fourth Amendment malicious prosecution claim when convicted of some charges and acquitted of others); *see also Kossler v. Crisanti,* 564 F.3d 181, 191—92 (3d Cir. 2009), *abrogated by Thompson v. Clark*, 596 U.S. 36 (2022) (finding that when a criminal proceeding includes both a dismissal and conviction, the proceeding still may be found to be terminated favorably for the plaintiff).[5]

In deciding if there is a favorable termination when dealing with a

---

[5] *Thompson* only abrogated *Kossler's* finding that a favorable termination requires an affirmative showing of innocence. It did not abrogate *Kossler's* finding that in certain cases a proceeding can terminate in a plaintiff's favor when they are acquitted on some but not all charges. *Thompson v. Clark*, 596 U.S. 36, 39 (2022); *Kossler*, 564 F.3d at 191—92; *Jones*, 2024 WL 3423707, at *2 n.4; *Alburg v. Jones*, No. 21-2580, 2023 WL 2823895, at *3 n.13 (3d Cir. Apr. 7, 2023).

mix of guilty and not guilty findings, courts should ask whether the "offenses of conviction and acquittal (1) share common elements or involve lesser included offenses; and (2) stem from the same underlying conduct, such that cannot be divorced." *Jones*, 2024 WL 3423707, at *2. In the present case, Merritt pleaded guilty to disorderly conduct while the charges of resisting arrest and obstructing justice were withdrawn. Doc. 3, at 14. Comparing disorderly conduct with resisting arrest under Pennsylvania law, we find that one is not a lesser included offense of the other and that they do not sufficiently share common elements. Under Pennsylvania state law, the provision of disorderly conduct that the plaintiff was charged with involves a person who has the "intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he: (4) creates a hazardous or physically offensive condition by any act which serves no legitimate purpose of the actor." 18 Pa. Cons. Stat § 5503(a)(4). The provision for resisting arrest reads "with intent of preventing a public servant from effecting a lawful arrest or discharging any other duty, the person creates a substantial risk of bodily injury to the public servant or anyone else, or employs means justifying or requiring substantial force to overcome the resistance." 18 Pa. Cons. Stat

§ 5104. Comparing these two standards, we find they are distinct as they have different intent elements and address different conduct. Additionally, the two charges can be divorced from each other under the second step of *Jones.* Although both charges result from the same night, they came from different stages of the night. The complaint alleges that the affidavit of probable cause submitted by the officers' states that the plaintiff first sped into the scene and "mov[ed] towards the officers aggressively with intent," and later resisted arrest which caused the officers "to use substantial force to overcome [plaintiff's] resistance and place him into custody." Doc. 3, at 10—11.[6] We therefore find that even though the plaintiff pleaded guilty to disorderly conduct, the other two withdrawn offenses are sufficiently distinct that a finding of favorable termination would not invalidate the original guilty plea in violation of *Heck*. Accordingly, we find the plaintiff has made a plausible showing with respect to the favorable termination prong of a §1983 Fourth Amendment malicious prosecution claim.

---

[6] We come to a similar result with respect to the withdrawn obstructing justice charge. Both disorderly conduct and obstructing justice have different intent elements and can address different conduct. 18 Pa. Cons. Stat § 5503(a)(4); 18 Pa. Cons. Stat § 5101.

### *ii. Probable Cause and Causation analysis*

The parties in their briefs also disagree whether the proceeding was initiated with probable cause. Doc. 13; Doc. 14. The defendants argue that because the plaintiff pleaded guilty to disorderly conduct, the arrest and subsequent proceeding was supported by probable cause. Doc. 14, at 2, 5—7. Additionally, the defendants argue that there is no causation as the plaintiff did not suffer any pre-trial detention based on the alleged invalid charges, but rather for the valid disorderly conduct charge. *Id.* at 7. The plaintiff contends that even though there was a guilty plea, that does not prevent a malicious prosecution claim on other charges that may not have been supported by probable cause. Doc. 13, at 11.

In *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 563 (2024), the Court held that the bringing of "one valid charge in a criminal proceeding should not categorically preclude a claim based on the Fourth Amendment." For example, the Court gave an example that it can be a Fourth Amendment violation when an individual was arrested on both valid and invalid charges, and the invalid charges cause the detention to start or continue. *Id.* at 562—63. The Supreme Court left open the

question of what level of causation a plaintiff must show between an invalid charge and the plaintiff's seizure when valid charges have also been brought. *Id.* at 564—65. The Third Circuit has held and has continued to affirm that the plaintiff must show that "the prosecution for the additional charges for which there might not have been probable cause…*resulted in additional restrictions on [the plaintiff's] liberty* beyond those attributable to the prosecution on the…charges for which there was probable cause." *Johnson v. Hitesman*, No. 4:25-CV-01422, 2026 WL 1047093, at *8 (M.D. Pa. Apr. 17, 2026) (quoting *Johnson v. Knorr*, 477 F.3d 75, 86 (3d Cir. 2007).[7]

---

[7] The defendants also make the argument that the *Chiaverini* decision is not applicable in this case since the conduct at issue happened before the decision was rendered. Doc. 14, at 7—8. We find this argument to be unconvincing and the defendants' reliance on *Rivera-Guadalupe v. City of Harrisburg,* 124 F.4th 295 (3d Cir. 2024) to be misplaced. Although the *Rivera-Guadalupe* Court chose not to apply *Chiaverini* in the case as the conduct happened before the decision, they did so in the context of qualified immunity and deciding if there was a clearly established right. *Id.* at 299—303. In the present case, the defendants in their motion to dismiss do not assert a qualified immunity defense but rather allege that the plaintiff's rights were not violated as a matter of law. Doc. 10. Given that no qualified immunity defense was asserted in the motion, we must apply the *Chiaverini* decision in the present case even though the conduct happened before the decision was rendered. *Harper v. Virginia Dep't of Tax'n*, 509 U.S. 86, 97 (1993) (holding that with respect to civil rulings, "when this Court applies a rule of federal law to the parties before it, that

*(continued on next page)*

We will first address whether the plaintiff adequately alleged a lack of probable cause for the two withdrawn charges in his amended complaint. In his amended complaint, the plaintiff does not simply make a barebone assertion that there was no probable cause for the resisting arrest and obstructing justice charges. Rather, he makes specific assertions that he was complying with the officers' directions and not resisting or impeding their investigation. *See* Doc. 3, at 5 (plaintiff alleges that he complied with the officers and put his arms up but was nonetheless taken to the ground and arrested).

We next address whether the plaintiff adequately alleged the causation element. In his amended complaint, the plaintiff does not allege that the resisting arrest and obstructing justice charges are what resulted in his detention or led to an additional restriction on his liberty. Rather, the plaintiff simply alleges that the whole arrest was not based on probable cause. The plaintiff gives no facts as to why the detention was based on the two withdrawn charges and not the valid disorderly

---

rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.").

conduct charge, or that his detention was extended because of the two withdrawn charges. Given this, although *Chiaverini* allows for malicious prosecution claims even when there is one valid charge, the plaintiff's omission of any facts pleading causation from the withdrawn charges will lead us to dismiss the malicious prosecution claim.

### B. False Arrest

The plaintiff next alleges a false arrest claim under § 1983 in violation of his Fourth Amendment rights. To prove false arrest under § 1983 for a Fourth Amendment violation, a plaintiff must show that "the arresting officer lacked probable cause to make the arrest." *Kokinda v. Breiner*, 557 F. Supp. 2d 581, 592 (M.D. Pa. 2008). "Probable cause exists when the totality of facts and circumstances are sufficient to warrant an ordinary prudent officer to believe that the party charged has committed an offense." *Id.* Additionally, unlike claims for malicious prosecution under the Fourth Amendment, the any-crime rule applies for false arrest claims meaning officers only need probable cause to arrest for at least one of the charged offenses. *Id.*; *see also Rivera-Guadalupe*, 124 F.4th at 303—04.

The Court will first address the parties' arguments regarding

whether the officers' arrest on the charge of disorderly conduct followed Pennsylvania state law. The plaintiff argues that under Pennsylvania state law, officers have the right to arrest for disorderly conduct without a warrant only "when there is ongoing conduct that imperils the personal security of any person or endangers public [or private property]." Doc. 13, at 13. The plaintiff subsequently states that the conduct by him did not rise to this level and therefore the officers lacked probable cause for the arrest. *Id.* We find this argument to be irrelevant with respect to a *federal* § 1983 false arrest claim. When considering a § 1983 claim pursuant to the Fourth Amendment, a court is not bound by state law. While a state is free to regulate certain arrests as they desire, any heightened restrictions they add do not change the baseline requirements of the Fourth Amendment. *Kokinda*, 557 F. Supp. 2d at 593 (quoting *Virginia v. Moore*, 553 U.S. 164, 176—78 (2008)).

With this in mind, we next address whether the guilty plea by the plaintiff establishes that the officers had probable cause for the arrest under the Fourth Amendment. Unlike the malicious prosecution claim, we find the *Heck* bar applicable for the present claim. As discussed above, the *Heck* doctrine states that a plaintiff may not recover damages under

§ 1983 unless the plaintiff proves "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486—87. If we were to find that there has been a plausible showing that the arrest was not supported by probable cause, it would impermissibly render invalid the subsequent guilty plea to disorderly conduct. *See Fields v. City of Pittsburgh*, 714 F. App'x 137, 141 (3d Cir. 2017) (holding that an allegation that the police manufactured probable cause for the arrest would imply the invalidity of the conviction in violation of *Heck*); *see Shilling v. Brush*, No. CIV 405-CV-871, 2007 WL 210802, at *13 (M.D. Pa. Jan. 22, 2007) (holding that any finding that the plaintiff's false arrest claims were valid would necessarily imply that her conviction for disorderly conduct was also invalid); *see also Kokinda,* 557 F. Supp. 2d at 593 (finding an argument that a harassment charge was not based on probable cause would necessarily invalidate the subsequent guilty plea to that same charge).

In the present case, other than the state law argument articulated by the plaintiff, his chief argument is that there was no probable cause

for the disorderly conduct arrest. *See* Doc. 13, at 12—14. Additionally, in the amended complaint, the plaintiff admitted to entering a police scene and causing an annoyance. Doc. 3, at 2. Given the plaintiff's own admission to his conduct and the fact that a finding that there was no probable cause for the arrest would impermissibly invalidate the subsequent disorderly conduct guilty plea, we find that the plaintiff has failed to state a false arrest claim.[8]

### C. Punitive Damages

The plaintiff next requests punitive damages against the officers and the city in their official capacity. The defendants argue that in § 1983 suits, as a matter of law, punitive damages are not allowed against municipalities and officers in their official capacities. Doc. 12, at 11. The plaintiff agrees with the defendants and has consented to dismissal of the punitive damages claims against the city and officers in their official capacity. Doc. 13, at 1 n.1. We agree and find that as a matter of law, the plaintiff cannot recover punitive damages against the municipality and officers. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981);

---

[8] We reiterate that the alleged lack of probable cause for the two withdrawn charges is irrelevant for purposes of the false arrest analysis. *See Rivera-Guadalupe*, 124 F.4th at 303—04.

*Gregory v. Chehi*, 843 F.2d 111, 120 (3d Cir. 1988).

## D. Leave to Amend

The Third Circuit has instructed that, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). This instruction applies equally to *pro se* plaintiffs and those represented by counsel. *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004). In this case, based on the facts alleged in the complaint, we first find that for the request for punitive damages, it would be futile to allow any further amendment. As discussed above, there is nothing the plaintiff could further allege to change that as a matter of law as punitive damages are not available against municipalities and officers in their official capacity. Next, with respect to the false arrest claim in violation of the Fourth Amendment, we similarly find that it would be futile to allow any further amendment in this current action. As discussed above, any attempt to allege that there was no probable cause for the arrest would impermissibly imply invalidation of the guilty plea to disorderly

conduct in contradiction of *Heck*.[9] Finally, with respect to the malicious prosecution claim in violation of the Fourth Amendment, we find that it is not clear that further amendment would be futile, nor is there any basis to believe that such amendment would be inequitable. Therefore, the dismissal of the complaint will be with leave to amend.

## IV. CONCLUSION

For the foregoing reasons, the motion of the City of Scranton and Officers Petrucci, Gula, and Sweeney will be granted.

The plaintiff's claim for punitive damages against the City of Scranton and the officers in their official capacity will be dismissed with prejudice.

The plaintiff's remaining false arrest and malicious prosecution claims against the City of Scranton and Officers Petrucci, Gula, and Sweeney will be dismissed without prejudice. However, the complaint

[9] Although we find the false arrest claim futile to amend at this stage, we will dismiss it without prejudice and allow refiling of it if the conviction is invalidated. *Curry v. Yachera*, 835 F.3d 373, 379 (3d Cir. 2016) (quoting *Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995) ("[B]ecause appellant could renew these claims [barred by *Heck*] if he ever succeeds in overturning his conviction, dismissal without prejudice is appropriate."); *see Talley v. Pennsylvania*, No. CV 22-2328, 2023 WL 2614598, at *10 (E.D. Pa. Mar. 23, 2023) (dismissing a *Heck* claim without prejudice and finding any attempt to amend would be futile).

will be dismissed with leave to file an amended complaint within a specified time period.

An appropriate order follows.

Dated: November 20, 2026

***s/Joseph F. Saporito, Jr.***
JOSEPH F. SAPORITO, JR.
United States District Judge